UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY McGEE o/b/o J.S.F, | No. 2:20-cv-2172 DB |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the Court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge applied an improper standard and erroneously rejected medical opinion evidence, as well as plaintiff's testimony.

////

////

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF No. 12.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

In June of 2017, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") on behalf of J.S.F. alleging disability beginning on March 17, 2007.  (Transcript ("Tr.") at 24, 190-99.)  Plaintiff's alleged impairments included autism and ADHD.  (Id. at 271.)  Plaintiff's application was denied. Id. at 96-99.

Plaintiff requested an administrative hearing which was held before an Administrative Law Judge ("ALJ") on February 11, 2020.  (Id. at 47-67.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 47-52.)  In a decision issued on February 26, 2020, the ALJ found that plaintiff was not disabled.  (Id. at 40.)   The ALJ entered the following findings:

> 1. The claimant was born on March 17, 2007.  Therefore, he was a school-age child on June 30, 2017, the date application was filed, and is currently a school-age child (20 CFR 416.926a(g)(2)).
>
> 2. The claimant has not engaged in substantial gainful activity since June 30, 2017, the application date (20 CFR 416.924(b) and 416.971 et seq.).
>
> 3. The claimant has the following severe impairments: attention deficit hyperactivity disorder (ADHD), anxiety, autism spectrum disorder, and disruptive mood dysregulation disorder (20 CFR 416.924(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).
>
> 5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a.
>
> 6. I find that the claimant has not been disabled, as defined in the Social Security Act, since June 30, 2017, the date the application was filed (20 CFR 416.924(a)).

(Id. at 25-40.)

////

On August 27, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's February 26, 2020 decision.  (Id. at 10-15.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on October 29, 2020.  (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

When the question is whether a child is eligible for SSI benefits on the basis of disability, a three-step evaluation applies.  20 C.F.R. § 416.924.  The steps are:

> (1) Is the child engaged in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> (2) Is the child's impairment or combination of impairments severe?  If not, the claimant is found not disabled.  If so, proceed to step three.
>
> (3) Does the child's impairment(s) meet, medically equal, or functionally equal an impairment in the Listing of Impairments ("Listing") described in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is found disabled.

Dawson ex rel. A.R. v. Astrue, No. EDCV 09-0661 SS, 2010 WL 368838, at *4 (C.D. Cal. Jan. 27, 2010).

////

////

3

**APPLICATION**

Plaintiff's pending motion asserts the following three principal claims: (1) the ALJ applied an erroneous standard in evaluating plaintiff's functioning; (2) the ALJ improperly rejected plaintiff's testimony; and (3) the ALJ improperly rejected medical opinion evidence.[3] (Pl.'s MSJ (ECF No. 20) at 13-21.[4])

**I.   Erroneous Standard**

Plaintiff argues that the ALJ applied the wrong age category standard in evaluating plaintiff's claim. (Id. at 13.) A claimant's "age is an important factor" in determining disability. 20 C.F.R. § 416.924b. "When determining whether a child suffers from limitations, the ALJ must compare the child to other children of the same age without impairments." Lawson ex rel. D.D.L. v. Astrue, No. 4:08CV282 HEA, 2009 WL 2143754, at *8 (E.D. Mo. July 13, 2009). Applicable age group standards include preschool children age 3 to 6, school-age children age 6 to 12, and adolescents age 12 to 18. 20 C.F.R. § 416.926a(g). An ALJ's comparison of a child to the wrong age group renders the decision "fundamentally flawed." Tisdale ex rel. B.O.H. v. Astrue, No. 8:07-CV-862-T-TGW, 2008 WL 4145838, at *3 (M.D. Fla. Sept. 8, 2008).

Here, the ALJ incorrectly found that plaintiff was "currently a school-age child," at the time of the decision. (Tr. at 25.) Defendant concedes this error, stating "that the ALJ incorrectly noted that the Claimant was a school age child at the time of the decision and instead should have been considered an adolescent." (Def.'s MSJ (ECF No. 23) at 4.) "Federal district courts have consistently held that this legal error warrants reversal and remand." Ebony J. on behalf of O.C.J. v. Saul, Civil Action No. 4:18-cv-0032, 2019 WL 9075875, at *9 (W.D. Va. Sept. 6, 2019). See Yaws on behalf of B.D.H. v. Berryhill, No. 4:15-CV-0961-Y-BL, 2017 WL 1026231, at *10 (N.D. Tex. Feb. 23, 2017) ("A failure to clearly consider the applicable age category may materially affect an ALJ's analysis and requires remand."); Bucha v. Commissioner of Social Security, Case No. 1:15-cv-1174, 2016 WL 5340271, at *4 (W.D. Mich. Sept. 23, 2016) ("It

---

[3] The Court has reorganized plaintiff's claims for purposes of clarity and efficiency.

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

remains patent the ALJ mistakenly believed H.M. was a school-age child through the date of the decision, and it is equally clear that in arriving at her decision the ALJ relied, at least in part, on comparing H.M.'s adolescent activities to those typical of a younger, school-age individual."); Artis v. Colvin, No. 5:15-CV-119-FL, 2016 WL 937703, at *6 (E.D. N.C. Feb. 25, 2016) ("Although the ALJ cited evidence from Claimant's kindergarten and first grade teachers in her analysis it is far from clear whether she considered this evidence in light of the appropriate functioning of a school-age child listed in 20 C.F.R. § 416.926a(g)(2)(iv).  Therefore, the ALJ's error may have materially affected the analysis and, thus, requires remand."); Kline ex rel. J.H.-K. v. Colvin, No. 11 C 50376, 2014 WL 69953, at *16 (N.D. Ill. Jan. 9, 2014) ("The ALJ erred by applying the wrong age category in reaching her finding when the correct age category would require considerations that the ALJ failed to address.  Accordingly, the decision of the Commissioner is not supported by substantial evidence.").

Accordingly, plaintiff is entitled to summary judgement on this claim.

**II.     Plaintiff's Subjective Testimony**

Plaintiff also challenges the ALJ's treatment of plaintiff's subjective testimony.  (Pl.'s MSJ (ECF No. 20) at 19-21.)  The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis.  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.  Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted).  "The clear and convincing standard is the most demanding required in Social Security

5

cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[5] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ recounted plaintiff's testimony as follows:

> In the claimant's disability report, he alleged autism and ADHD.  At his hearing, he testified that he had been missing school because of bullying and the last time that he attended school was five days prior to the hearing.  He also admitted that school had not been going well because of the bullying and he has had behavioral problems in school.  He also stated that he has had a tough time getting along with other children, but admitted that he had a couple of friends that he hung out with and talked to.  He also stated that he participated in taekwondo classes, played video games on the computer and PlayStation, with others and by himself, suggesting he can interact with others and manage himself to an adequate degree.

(Tr. at 28) (citations omitted).

---

[5] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

After recounting plaintiff's testimony, the ALJ asserted that plaintiff's "medically determinable impairments could reasonably be expected to cause some the symptoms alleged" but that plaintiff's statements as to the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record"[6] (Id.)

However, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Perez v. Astrue, 247 Fed. Appx. 931, 936 (9th Cir. 2007) ("That the degree of Perez's subjective complaints were not corroborated by the objective clinical findings in the ALJ's view was of no legal moment because pain is inherently an individual phenomenon."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

Moreover, after making this erroneous, boilerplate, finding, the ALJ simply proceeded to recount the medical evidence of record. How that evidence calls into question plaintiff's credibility is not explained. Nor is it apparent, as the evidence recounted seemingly supports plaintiff's testimony.

////

---

[6] "ALJs routinely include this statement in their written findings as an introduction to the ALJ's credibility determination" before "identify[ing] what parts of the claimant's testimony were not credible and why." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014). "The use of this generic language is not itself reversible error . . . but it inverts the responsibility of an ALJ, which is first to determine the medical impairments of a claimant based on the record and the claimant's credible symptom testimony and only then to determine the claimant's RFC. By rejecting a claimant's subjective symptoms 'to the extent they are inconsistent with the above residual functional capacity assessment,' the agency indicates that it is failing properly to incorporate a claimant's testimony regarding subjective symptoms and pain into the RFC finding, as it is required to do." Trevizo, 871 F.3d at 679 n.6.

For example, the ALJ noted that plaintiff "was referred to a psychiatrist for medication and psychology," "was diagnosed with ADHD at age 3, and took three medications to address this condition," and "was on the autism spectrum." (Tr. at 29.) While plaintiff's "behavior was noted to be appropriate to his age," it was also noted that "he had difficulty concentrating, and inappropriate interaction[.]" (Id.)

In this regard, the ALJ failed to provide a clear and convincing reason for rejecting plaintiff's testimony. See Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015) ("Our review of the ALJ's written decision reveals that she did not specifically identify any such inconsistencies; she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination. This is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited."); Treichler, 775 F.3d at 1103 ("An ALJ's 'vague allegation' that a claimant's testimony 'is not consistent with the objective medical evidence,' without any 'specific findings in support' of that conclusion is insufficient for our review."); Christine G. v. Saul, 402 F.Supp.3d 913, 925 (C.D. Cal. 2019) ("the ALJ did not identify the testimony she was discounting and 'link that testimony to the particular parts of the record' supporting her determination").

Plaintiff, therefore, is also entitled to summary judgment on this claim.

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'"[7] Trevizo, 871 F.3d at 682 (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)).  A case may be

---

[7] Having already identified errors requiring remand—and given plaintiff's request that this matter be remanded for further proceedings—the Court finds it unnecessary to reach plaintiff's final remaining claim of error. See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff requests that this matter be remanded for further proceedings including a de novo hearing and a new decision. (Pl.'s MSJ (ECF No. 20) at 21.) That request will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 20) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 23) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: September 9, 2022

DLB:6
DB\orders\orders.soc sec\mcgee2172.ord

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE